IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs.                                             )<br>)<br>KENNETH KENNEDY SHANNON,    )<br>)<br>Defendant.               )<br>_____ ) | No. 2:13-cr-0977-BHH-8<br><br>**ORDER** |

This matter is before the court on defendant Kenneth Kennedy Shannon's ("Shannon") pro se motion for recusal, ECF No. 1369. For the reasons set forth below, the court denies the motion.

## I.  BACKGROUND

On August 12, 2014, the government named Shannon in a single-count superseding indictment charging him and seven other defendants with conspiracy to possess with intent to distribute and to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1). ECF No. 28. On September 10, 2014, a grand jury further charged Shannon and his co-defendants in a second superseding indictment with possession of heroin with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and use of a communication facility in the commission of a felony in violation of 21 U.S.C. §§ 841(a)(1) and 846. ECF No. 51. After a three-day trial beginning on July 27, 2016, a jury found Shannon guilty on all counts. ECF No. 671. On August 1, 2017, the court sentenced Shannon to life in prison. ECF No. 915.

Since his conviction and sentencing, Shannon has filed a number of motions. On October 10, 2019, Shannon filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255. ECF No. 1275. He has since filed two supplemental papers in support of

that motion, ECF Nos. 1305 and 1325, as well as a "motion for default judgment," ECF No. 1334. Those motions remain pending. On December 29, 2020, Shannon filed the instant motion for recusal pursuant to 28 U.S.C. §§ 144 and 455. ECF No. 1369. The government filed a response on January 29, 2021. ECF 1380.

## II. STANDARD

28 U.S.C. § 144 provides that a district court judge "shall proceed no further" in an action when a party makes and files a <u>timely</u> and <u>sufficient</u> affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party" (emphasis added). See <u>Lindsey v. City of Beaufort</u>, 911 F. Supp. 962, 967 (D.S.C. 1995) ("[W]here a legally sufficient affidavit is timely filed, the trial judge is required to step aside."). Additionally, under 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), as well as in a number of other circumstances, including where "he has . . . personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(3). The substantive standard for recusal under §§ 144 and 455 is largely the same and they are routinely considered together. <u>Walsh v. F.B.I.</u>, 952 F. Supp. 2d 71 (D.D.C. 2013).

The mere filing of an affidavit does not automatically require the recusal of a district court judge; instead, the judge must first "consider the legal sufficiency of the affidavit in its determination of the question whether recusal is required under either section 144 or 455." <u>Id.</u> at 968. To be legally sufficient, an affidavit must allege material facts with particularity, which, if true, would convince a reasonable man that bias or prejudice exists. <u>U.S. v. Thompson</u>, 483 F.2d 527 (3rd Cir. 1973). The alleged bias

"must be personal as distinguished from judicial in nature" and "must stem from an extra[-]judicial source and result in an opinion on the merits on some basis other than what the judge learned from participation in the case." Lindsey, 911 F. Supp. at 967 (citing Davis v. Bd. of Sch. Comm'rs of Mobile Cty., 517 F.2d 1044, 1048 (5th Cir. 1975)). Finally, "[t]he motion to recuse may not be predicated on the judge's rulings in the instant case or in related cases, nor on a demonstrated tendency to rule any particular way, nor on a particular judicial leaning or attitude derived from his or her experience on the bench." Id. (citing United States v. Grinnell Corp., 384 U.S. 563 (1966) and Berger v. United States, 255 U.S. 22 (1921)); see also Belue v. Leventhal, 640 F.3d 567, 573 (4th Cir. 2011) ("[J]udicial rulings and opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings almost never constitute a valid basis for a bias or partiality motion.").

Supreme Court jurisprudence has set a "high bar . . . for predisposition recusals[.]" Belue, 640 F.3d at 573. As the Fourth Circuit has explained, the high bar makes good sense:

> [W]hile recusal motions serve as an important safeguard against truly egregious conduct, they cannot become a form of brushback pitch for litigants to hurl at judges who do not rule in their favor. If we were to "encourage strategic moves by a disgruntled party to remove a judge whose rulings the party dislikes," In re United States, 441 F.3d 44, 67 (1st Cir. 2006), we would make litigation even more time-consuming and costly than it is and do lasting damage to the independence and impartiality of the judiciary. In other words, recusal decisions reflect not only the need to secure public confidence through proceedings that appear impartial, but also the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking.

Id. Nevertheless, "for purposes of its determination whether the affidavit is legally sufficient to require recusal . . . , its factual assertions must be taken as true." Lindsey, 911 F. Supp. at 968.

### III.   DISCUSSION

Shannon seeks recusal for two reasons. First, he argues that the court's participation in proceedings leading up to his indictment resulted in bias depriving him of a fair suppression hearing and trial. ECF No. 1369 at 1–2. Second, he alleges that the court was influenced by bias when it allowed the prosecutor to amend wiretap records to include his name in discovery. Id. at 2–3. The government argues that the motion fails for two reasons. First, Shannon alleges no facts to indicate bias or prejudice on the part of the court. And second, Shannon did not show that the alleged bias arose from extrajudicial sources. The court addresses Shannon's claims in turn, agreeing with the government and denying the motion.

#### A.   Pre-Indictment Proceedings

Shannon cites the court's participation in proceedings prior to his indictment as grounds for recusal. As the court explained above, for an affidavit under §§ 144 or 455 to be "legally sufficient," the moving party must show that the judge's alleged bias is personal and rooted in knowledge separate and apart from the relevant proceedings. In other words, the purported bias "must stem from an extra[-]judicial source and result in an opinion on the merits on some basis other than what the judge learned from participation in the case." Lindsey, 911 F. Supp. at 967.[1] As the Fourth Circuit has held,

---

[1] The Fourth Circuit has recognized that "the extrajudicial source limitation [is not] an ironclad rule" because the Supreme Court has left some room for intra-judicial sources to serve as grounds for recusal-necessitating bias. Belue, 640 F.3d at 573 (citing

4

"It is not a cause for disqualification . . . that a judge has acquired in his judicial capacity special knowledge of facts relevant to a case before him." Wyatt v. United States, 591 F.2d 260, 266 (4th Cir. 1979) (citing United States v. Mathis, 550 F.2d 180 (4th Cir. 1976)); see also United States v. Parker, 742 F.2d 127, 128 (4th Cir. 1984) (denying a motion for recusal where the judge's "familiarity with the facts stemmed entirely from his judicial conduct in presiding over earlier proceedings").  Therefore, Shannon's claim that the court participated in proceedings prior to his indictment falls well short of stating a legally sufficient ground for recusal.

### B. Amendment of Evidence

Next, Shannon contends that the court acted with bias in allowing the government to "alter the evidence," which Shannon maintains the government did by replacing "UP547" (Unknown Person 547) with Shannon's name in certain wiretap phone records. ECF No. 1369 at 2–3.  For an affidavit to be legally sufficient, it must convince a reasonable person that bias exists.  As the government explains in its response, Shannon's argument refers to the routine government practice of labeling a wiretap participant with a number before identifying the participant and then changing the number to a name once the participant's identity is uncovered.  Shannon fails to explain how the court influenced this practice, or how its exhibited bias in doing so.  Shannon's bald and unclear statement about one aspect of the investigation would not lead a reasonable person to harbor doubts about the court's impartiality.  See U.S. v. Merkt, 794 F.2d 950 (5th Cir. 1986) (holding

---

Liteky v. United States, 510 U.S. 540, 543 (1994)).  That window is exceptionally narrow, however, and does not apply here.  Id.  ("[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings almost never constitute a valid basis for a bias or partiality motion.").

5

that a reasonable person would not question judge's impartiality based solely on one fact). Further, Shannon includes no facts which might demonstrate the impropriety of replacing a formerly unknown defendant's telephone number with his or her name once the government identified to whom the number belongs. The court finds that Shannon's submitted affidavit is not legally sufficient under §§ 144 and 455. As such, his motion is denied.

## IV.   CONCLUSION

For the foregoing reasons the court **DENIES** the motion for recusal.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 31, 2021**
**Charleston, South Carolina**